**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JUSTIN A. ASH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-609 |
| | ) | |
| SUPERINTENDENT, MIAMI | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Justin Ash submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. The respondent has filed a response to the order to show cause and the administrative record. The petitioner has not filed a traverse. For the reasons set forth below, the Court **DENIES** this petition and the Clerk is **ORDERED** to **DISMISS** the petition.

BACKGROUND

On September 17, 2007, a disciplinary hearing board ("DHB") at the Miami Correctional Facility found the petitioner guilty of possessing a weapon and imposed a loss of ninety days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

On September 10, 2007, Security Group Coordinator D. Tucker prepared a conduct report charging Ash with unauthorized possession of a weapon. According to the conduct report, Tucker investigated a tip to the facility hotline that an inmate named Turnquist had been threatening other inmates with a homemade knife "shank," and that the shank was in Turnquist's property box. Turner concluded that Ash had planted the knife in Turnquist's property box so that the administration would remove Turnquist from the dormitory. Turner attached a handwritten note signed by Ash which Turner interpreted as an admission that Ash placed the shank in Turnquist's property. (DE 9-2).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison

disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one and two of his petition, Ash argues that Turner and the DHB misunderstood his statement to Turner. Ash asserts that he was not admitting that he was the one who placed the shank in the property box, all he was admitting was that he was the one who called the tipline in order to get Turnquist out of the dorm. In order to call the tipline, Ash would have had to have been involved in the plot against Turnquist to the extent that he knew the shank had been planted in Turnquist's property box for correctional officers to discover.

In its collateral review of prison disciplinary proceedings under § 2254, this Court must examine the record for alleged constitutional errors. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989). This court does not, however, sit as a trier *de novo* in prison disciplinary proceedings or as a court of common law review. *Cain v. Lane*, 857 F. 2d 1139, 1140 (7th Cir. 1984). The DHB might have credited Ash's statement at the hearing that he did not admit placing the shank in Turnquist's property box and found him not guilty. But instead, the board chose not to believe Ash's denial that he planted the shank in the Turnquist's property box. Instead, the DHB accepted the version of events contained in the conduct report. Federal Courts do not second guess determinations of credibility by conducting an

3

independent assessment of witness credibility or reweighing the evidence. *Superintendent v. Hill,* 472 U.S. at 455-56.

In ground three of his petition, Ash asserts that a security videotape would have shown that he was not the inmate who planted the shank in Turnquist's property box and that the DHB denied him this evidence. Under Indiana Department of Correction policy, screening is the functional equivalent of arraignment. The screening officer advises the accused inmate of the charges against him, takes his plea, and asks him if he wishes to present witnesses or obtain evidence. The petitioner was screened on August 28, 2007, and the screening officer memorialized the results of his meeting with Ash in the screening Report (DE 9-3). According to the screening report, Ash did not request any physical evidence. The box on the form stating "I do not request any physical evidence" is checked. (DE 9-3).

In *Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir.2003) the United States Court of Appeals for the Seventh Circuit stated, "...the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material, exculpatory evidence, applies to prison disciplinary proceedings." *See also, Chavis v. Rowe*, 643 F.2d 1281, 1285-86 (7th Cir.1981). Unlike *Piggie*, however, Ash does not assert that he attempted to request the videotape at screening. Ash signed the screening report, confirming that he was aware that the report reflected that no physical evidence had been requested. This

constitutes a waiver of Ash's right to present physical evidence at the hearing.

CONCLUSION

For the foregoing reasons, this Court **DENIES** Ash's petition.

**DATED: October 8, 2008**        /S/RUDY LOZANO, Judge
                                  **United States District Court**